IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JEREMIAH STEVENSON #1378259 | § | |
| v. | § | CIVIL ACTION NO. 9:09cv126 |
| CLAYTON WAGGENER, ET AL. | § | |

MEMORANDUM OPINION AND PARTIAL ORDER OF DISMISSAL

The Plaintiff Jeremiah Stevenson, an inmate of the Texas Department of Criminal Justice, Institutional Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining that his constitutional rights were violated during his confinement in the prison. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment int his proceeding pursuant to 28 U.S.C. §636(c). As defendants in his lawsuit, Stevenson named Officer Clayton Waggener, Lt. Christopher Norsworthy, and officers Sheila Hill, Joe Neal, and Philip Macomber.

An evidentiary hearing was conducted on March 9, 2010, pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). At this hearing, Stevenson testified that on May 9, 2009, Officer Hill was opening cell doors for inmates to go to recreation. Stevenson's cell door was opened by mistake and he came out on the run. Officer Hill "hit the panic button" and Waggener, Norsworthy, Neal, and Macomber came to the scene. Waggener ordered Stevenson to lay down on the floor and he complied. Lt. Norsworthy got on his legs and held them down while Waggener got on top of Stevenson and began punching him in the head and ramming his face into the floor. Stevenson estimated that this lasted for about 30 seconds.

Stevenson said that "one of the reasons" for the use of force was because of a lawsuit which Stevenson said that he had filed an officer named Vincent, whom he said was Waggener's "homeboys." He said that this other lawsuit was pending at the time of the incident. However,

1

Stevenson said that he had been having problems with Waggener since he, Stevenson, had arrived at the unit, even before the lawsuit against Vincent.

Stevenson testified that he suffered abrasions, contusions, and a laceration, but that his injuries did not require stitches. Nurse Hucklebridge, a TDCJ correctional nurse also present at the hearing, testified under oath concerning the contents of Stevenson's medical records. She stated that Stevenson had two bruises, a two-centimeter laceration, and an abrasion on his head. There was no need for bandages, but that after the incident, Stevenson filed numerous sick call requests complaining of dizziness and fainting. A skull X-ray showed no abnormalities.

Stevenson stated that he received a disciplinary case from Waggener which accused him of threatening to "bash Waggener's head in." He states that this charge was a lie. Stevenson explained that he had called Hill as a witness and she said that she did not hear Stevenson threaten Waggener until after he had returned from the medical department, but that Waggener was not even there when Stevenson returned from the medical department. Stevenson specified that he was not trying to have the disciplinary case overturned, but that he wanted to have the tape of the hearing in evidence.

The Court has received and reviewed a copy of the video which was made of the use of force. This video begins after the incident was over, and shows Stevenson being escorted to the medical department, receiving attention for his wounds, and being taken back to the cell area.

Legal Standards and Analysis

The Supreme Court, in Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992), held that inmates raising allegations of excessive force must show that the force used was malicious and sadistic for the very purpose of causing harm rather than in a good faith effort to restore discipline; the Court also noted that the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." Hudson, 112 S.Ct. at 999. In this case, Stevenson asserts that Officer Waggener hit him repeatedly in the head and banged his

head into the floor although he, Stevenson, was not resisting. His claims against Waggener require further judicial proceedings.

Stevenson also sues Lt. Norsworthy, saying that Norsworthy assisted in the use of force by holding him down and that Norsworthy, the supervisor on the scene, should have intervened to stop Stevenson. The Fifth Circuit has stated that a supervisory officer may be held liable under Section 1983 if he refuses to intervene when subordinates are beating an inmate in his presence. Harris v. Chanclor, 537 F.2d 203, 205 (1976). Stevenson's claims against Norsworthy require further judicial proceedings.

Stevenson also sues Sheila Hill, Joe Neal, and Philip Macomber, saying that they were also present and simply stood by and watched. However, he does not show that these officers were supervisors or that they had the authority to order Stevenson to stop what he was doing or to otherwise intervene. The responsibility to intervene if a constitutional violation was taking place lay with Norsworthy, the supervisor on the scene, and so Stevenson's claims against Hill, Neal, and Macomber are without merit.

Stevenson also said that Hill was the officer who "hit the panic button." However, he testified that after his door was opened by mistake, he went out onto the run, when he presumably was not supposed to be there. He has not shown a constitutional violation in the fact that Officer Hill summoned help at that time. This claim is without merit.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory.

Neitzke v. Williams, 490 U.S. 319, 325-7 (1989).  A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Neitzke, 490 U.S. at 327, *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Stevenson's claims against Hill, Neal, and Macomber lack an arguable basis in law and fail to state a claim upon which relief may be granted.  Consequently, these claims may be dismissed as frivolous under 28 U.S.C. §1915A(b).  *See generally* Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993).  It is accordingly

ORDERED that the Plaintiff's claims against Sheila Hill, Joe Neal, and Philip Macomber be and hereby are  DISMISSED as frivolous and for failure to state a claim upon which relief may be granted.  It is further

ORDERED that Hill, Neal, and Macomber are hereby DISMISSED as parties to this lawsuit.  This dismissal shall have no effect upon the plaintiff's claims against Officer Waggener and Lt. Norsworthy.  Finally, it is

ORDERED that the dismissal of these claims and parties shall not count as a strike for purposes of 28 U.S.C. §1915(g).

So **ORDERED** and **SIGNED** this **28** day of **April, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE